UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ERIC D. WIGGINS,	Civ. No. 19-18676 (NLH)

        Petitioner,	**MEMORANDUM OPINION & ORDER**

  v.

WARDEN OF NORTHERN STATE
PRISON,[1]

        Respondent.

---

**APPEARANCES**:

Eric D. Wiggins
1212438/455322B
Northern State Prison
Newark, NJ 07114

    Petitioner Pro Se

**HILLMAN, District Judge**

    WHEREAS, Petitioner Eric D. Wiggins filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254, see ECF No. 4; and

    WHEREAS, this Court is required to notify Petitioner of the legal consequences of filing a petition for writ of habeas corpus under § 2254 and to advise him of his options. Mason v.

---

[1] Petitioner has moved facilities since filing his petition.  ECF No. 5.  As the proper respondent in a habeas case is the person having custody of Petitioner, the Court will order the Clerk to substitute the Warden of Northern State Prison for the Warden of Southern State Correctional Facility.  Fed. R. Civ. P. 25(c).

Meyers, 208 F.3d 414 (3d Cir. 2000).  Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 22 U.S.C. § 2244, a prisoner challenging the legality of a sentence imposed by a state court under § 2254 must include all potential claims in a single, comprehensive petition which must be filed within one year of the date when the judgment of conviction became final.  Except in very limited circumstances, a prisoner is barred from filing a second or successive habeas corpus petition; and

 WHEREAS, it is not apparent to the Court whether Petitioner intended the petition to be his one, all-inclusive § 2254 petition.  Therefore, Petitioner may now tell the Court how he wants to proceed by choosing one of the following options and notifying the Clerk of his choice pursuant to the terms of this Order.  Accordingly, Petitioner may:

  a. Have his amended petition ruled upon as filed;

  b. Withdraw the amended petition, and file one all-inclusive § 2254 application within the one-year statutory period allotted under 28 U.S.C. § 2244(d).

Under option (a), the Court will review the amended petition under Rule 4 of the Rules Governing § 2254 Proceedings. Petitioner will lose his ability to file a second or successive petition under § 2254 absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances;

2

and

WHEREAS, under option (b), if the original petition was filed within the one-year statutory period allotted under 28 U.S.C. § 2244(d), then the statute of limitations will be tolled from the date Petitioner handed the original petition to prison officials for mailing to the Clerk of the Court until 45 days after entry of this Order.  Under these circumstances, if the original § 2254 Petition was filed within the one-year limitations period, Petitioner will have the 45-day response period plus any time remaining within the one-year statute of limitations period (as of the date the original application was filed) to draft and file the one all-inclusive § 2254 Petition; and

WHEREAS, if the Court receives no communication from Petitioner within 45 days of this Order, it will proceed to review the amended petition as filed,

THEREFORE, IT IS on this    20th    day of April, 2020

ORDERED that the Clerk shall substitute the "Warden of Northern State Prison" for the "Warden of Southern State Correctional Facility" in the caption, Fed. R. Civ. P. 25(c); and it is further

ORDERED that Petitioner has forty-five days from the date of this Order to file with the Clerk a letter or other written response signed by Petitioner advising the Court how he would

3

like to proceed; and it is further

ORDERED that if Petitioner does not file a signed response within forty-five days of this Order, the Court will review the amended petition under Rule 4 of the Rules Governing § 2254 Proceedings; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular mail.

At Camden, New Jersey        s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.