UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                       :
ERIC D. WIGGINS,                       :
                                       :
          Petitioner,                  :     Civ. No. 19-18676 (NLH)
                                       :
     v.                                :     OPINION
                                       :
THE ATTORNEY GENERAL OF THE            :
STATE OF NEW JERSEY, et al.,           :
                                       :
          Respondents.                 :
_____:


APPEARANCES:

Eric D. Wiggins
1212438/455322B
Northern State Prison
Newark, NJ 07114

     *Petitioner Pro se*

Damon G. Tyler, Atlantic County Prosecutor
Melinda A. Harrigan, Assistant Prosecutor
Atlantic County Prosecutor's Office
4997 Unami Boulevard, Suite 2
Mays Landing, NJ 08330

     *Counsel for Respondents*


HILLMAN, District Judge

     Respondent Attorney General of the State of New Jersey

moves to dismiss Eric Wiggins' petition for writ of habeas

corpus as time barred.  ECF No. 10.  Petitioner did not file

opposition to the motion.  For the reasons that follow, Court

will provisionally grant the motion to dismiss, but retain jurisdiction for 30 days to permit Petitioner to submit equitable tolling arguments.

I.   BACKGROUND

The facts of this case are recounted below and this Court, affording the state court's factual determinations the appropriate deference, 28 U.S.C. § 2254(e)(1), reproduces the recitation of the facts as set forth by the New Jersey Superior Court Appellate Division in its opinion denying Petitioner's direct appeal:

> Defendant was charged in Indictment 02-08-1757 with first-degree aggravated sexual assault against R.D., N.J.S.A. 2C:14-2a; second-degree sexual assault against R.D., N.J.S.A. 2C:14-2c; third-degree criminal restraint against R.D., N.J.S.A. 2C:13-2; third-degree terroristic threats against J.D. and/or R.D., N.J.S.A. 2C:12-3a; and third-degree sexual penetration by a diseased person against R.D., N.J.S.A. 2C:34-5b. All of these charges arose from an incident on May 30, 2002 involving defendant and R.D., with whom defendant had a prior consensual sexual relationship.
>
> Defendant was charged in Indictment 02-09-1887-B with a single count of third-degree sexual penetration by a diseased person against K.W., N.J.S.A. 2C:34-5b. That charge arose from an incident on January 10, 2002 during which K.W. engaged in consensual sexual intercourse with defendant without knowing that he was HIV positive.
>
> While the charges represented by these two indictments were pending, R.D. secured a restraining order against defendant. On February 27, 2003, defendant was arrested and charged with fourth-degree contempt of the restraining order and simple assault. Although R.D. voluntarily dismissed the restraining order in April 2003, the charges that arose from defendant's violation of that order were not resolved.

2

On June 2, 2003, defendant entered a guilty plea pursuant to a plea agreement. The terms of the agreement were embodied in a standard series of plea forms, all completed in defendant's own hand. According to the agreement, defendant would plead guilty to the charge of second-degree assault against R.D., which was included in Indictment 02-08-1757, and to the charge of third-degree sexual penetration by a diseased person against K.W., which was the sole count in Indictment 02-09-1887-B. In exchange, all of the other counts in the first indictment as well as the charges arising from the February 2003 incident would be dismissed. In addition, the prosecutor agreed to recommend a sentence of six years in prison with an 85% parole disqualifier for the second-degree offense and a concurrent term of five years on the third-degree offense.

On June 2, 2003, defendant appeared and entered his guilty plea in accordance with this agreement. . . . As a part of the plea colloquy, defendant acknowledged that he was aware of his rights, that he understood the terms of the sentence that the prosecutor was recommending, that he had signed and understood each of the plea forms and that he was aware of all of the penal consequences of the plea.

On October 24, 2003, when defendant appeared for sentencing in accordance with the plea agreement, counsel advised the judge that defendant wanted to withdraw his plea. Defendant told the judge that he had not understood the meaning of the period of parole disqualification, was not familiar with the terms relating to post-incarceration parole, and did not know anything about Megan's Law and its requirements. After additional colloquy, the judge denied the application and proceeded with the sentencing. In the moments that followed, defendant became uncooperative and uttered a number of profanities that the judge heard. As a result, in addition to imposing the sentence included in the negotiated plea, the judge also found defendant guilty of contempt and sentenced him to a term of six months to be served in the county jail consecutive to his prison sentence for the underlying offenses.

State v. Wiggins, No. A-3039-04, 2006 WL 798947, at *1-2
(N.J. Super. Ct. App. Div. Mar. 30, 2006) (per curiam),
certif. denied, 902 A.2d 1234 (N.J. 2006).

Petitioner appealed to the New Jersey Superior Court,
Appellate Division ("Appellate Division").  The Appellate
Division affirmed the trial court's decision not to allow
Petitioner to withdraw his guilty plea but remanded for
reconsideration of the sentence imposed on the contempt
conviction.  Id.  On June 2, 2006, the trial court
resentenced Petitioner to the same sentence as before.  ECF
No. 10-6.  The New Jersey Supreme Court denied
certification on July 11, 2006.  ECF No. 10-7; State v.
Wiggins, 902 A.2d 1234 (N.J. 2006).  The Appellate Division
dismissed an appeal at Petitioner's request on March 19,
2007.  ECF No. 10-8.  No further appeals were filed.

Petitioner filed a postconviction relief ("PCR")
motion in February 2008.[1]  ECF No. 10-9.  The PCR court
denied the petition on July 2, 2010.  ECF No. 10-11.  The
Appellate Division affirmed the decision of the PCR court
on May 31, 2012, ECF No. 10-13, and the New Jersey Supreme

---

[1] The petition was marked by the state court as filed on February
34, 2008.  ECF No. 10-9.  The Appellate Division only indicated
the petition was filed in February 2008, ECF No. 10-13 at 3, so
Court will treat the petition as filed on February 1, 2008 so as
to maximize the amount of time Petitioner had remaining in his
AEDPA statute of limitations.

Court denied certification on October 12, 2012, ECF No. 10-14.

Petitioner submitted his § 2254 petition for mailing on September 24, 2019.  ECF No. 1.  The Court initially administratively terminated the petition as Petitioner had not used the Clerk's Office form that included the warning under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  ECF No. 3.  Petitioner submitted an amended petition, ECF No. 4, and the Court issued a Mason notice as the amended petition also did not contain the required certification, ECF No. 6.  Petitioner requested the Court to review the amended petition as filed and to appoint him an attorney.  ECF No. 7.  On July 22, 2020, the Court ordered the State to respond or file a motion to dismiss based on timeliness.  ECF No. 8.

The State filed its motion to dismiss on August 26, 2020.  ECF No. 10.  It argues the petition is untimely because it was filed more than one year after Petitioner's conviction became final.  Id.  Petitioner did not submit any opposition to the motion.

II.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254 permits a federal court to entertain a petition for writ of habeas corpus on behalf of a person in state custody pursuant to the judgment of a state court "only on

5

the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus under § 2254. See 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).[2]

---

[2] Petitioner's conviction became final after AEDPA's April 24, 1996 effective date; therefore, he is subject to its one-year statute of limitations.

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations.  28 U.S.C. § 2244(d)(2).  "In determining whether a petition is 'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'"  Douglas v. Horn, 359 F.3d 257, 262 (3d Cir. 2004) (quoting Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001)).

III.  DISCUSSION

The Court must first determine the date that Petitioner's § 2254 motion was due in this Court under AEDPA.  "[I]t is respondent's position that the conviction became final on July 11, 2006 when [Petitioner's] Petition for Certification to the New Jersey Supreme Court regarding his sentence and conviction was denied."  ECF No. 10 at 7.  Although Petitioner did not file any opposition to the motion, his amended petition asserts that it was timely "because this is an excessive sentence that was imposed for a Community Supervision for life ("CSL") under Megan's Law registration.  And the law was revised in 2014 to change CSL to [parole supervision for life ("PSL")].  Which was not part of original Plea Agreement."  ECF No. 4 at 19-20.  The Court interprets this as an argument that the AEDPA period

should be calculated under § 2244(d)(1)(D) beginning when CSL changed to PSL.

The Court concludes the relevant provision is § 2254(d)(1)(A), which starts the statute of limitations on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner asserts that his amended petition is timely because his sentence is illegal and the change from CSL to PSL was not part of his original plea agreement, but none of his § 2254 claims concern his CSL status. Petitioner's challenges to his convictions are based on an allegation that the victims lied. His malicious prosecution, ineffective assistance of counsel, and illegal sentence claims are also based on the argument that the victims lied. The "factual predicate" of those claims existed before Petitioner's judgment was final, and AEDPA instructs courts to calculate the statute of limitations on the latest date; therefore, the date the judgment became final is the operative date under § 2244(d)(1).

Respondent argues Petitioner's conviction became final on July 11, 2006. ECF No. 10 at 7. This date does not take Petitioner's resentencing into consideration. When a state prisoner is resentenced after an appellate court remands on direct appeal, the AEDPA limitations period does not begin "until both his conviction and sentence '[becomes] final by the

8

conclusion of direct review or the expiration of the time for seeking such review.'" Burton v. Stewart, 549 U.S. 147, 156–57 (2007) (per curiam) (emphasis omitted); Berman v. United States, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). Petitioner was resentenced on June 2, 2006, ECF No. 10-6, and an appeal was filed. That appeal was dismissed at the Petitioner's request on March 19, 2007. ECF No. 10-8.

Non-precedential decisions of two panels of the United States Court of Appeals for the Third Circuit offer differing views on when a conviction becomes final after a defendant voluntarily discontinues his direct appeal. Compare United States v. Parker, 416 F. App'x 132 (3d Cir. 2011) (noting that time period for direct appeal includes time during which a defendant could appeal a voluntary dismissal), with United States v. Sylvester, 258 F. App'x 411, 412 (3d Cir. 2007) ("[T]he limitations period began to run when [defendant's] appeal was voluntarily dismissed. When an appeal is voluntarily dismissed, further direct review is no longer possible.").

In an abundance of caution, and because the result does not change by including the additional time, the Court will give Petitioner the benefit of the twenty days he had to petition the New Jersey Supreme Court for review of the Appellate Division's dismissal of his appeal. See N.J. Ct. R. 2:12–3(a). With those

9

twenty days, Petitioner's judgement became final on April 6, 2007.  See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (holding that if prisoners do not seek Supreme Court review, "judgment becomes final . . . when the time for pursuing direct review in this Court, or in state court, expires").

Petitioner filed his PCR motion on February 1, 2008, tolling the statute of limitations.  28 U.S.C. § 2244(d)(2). Three hundred days of Petitioner's year had expired by this time.  The statute of limitations was tolled until October 12, 2012 when the New Jersey Supreme Court denied certification. ECF No. 10-14.  Sixty-five days remained in the AEDPA period, and they expired on December 17, 2012.  Petitioner did not file his petition until September 24, 2019, nearly seven years later. Accordingly, the § 2254 petition is untimely under AEDPA and must be dismissed unless equitable tolling applies.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, ... but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's

limitations period.'"  Ross v. Varano, 712 F.3d 784, 802-03 (3d

Cir. 2013) (quoting Pabon v. Mahanoy, 654 F.3d 385, 400 (3d Cir.

2011)) (emphasis in original).

The parties have not addressed whether Petitioner may be

entitled to equitable tolling.  Therefore, the Court will

provisionally grant the motion to dismiss but retain

jurisdiction for 30 days as it cannot rule out the possibility

that Petitioner might have valid grounds for equitable tolling.

Within that timeframe, Petitioner may submit a written statement

setting forth detailed tolling arguments.  See Day v. McDonough,

547 U.S. 198, 210 (2006).  Upon submission of Petitioner's

arguments within the 30-day timeframe, the Court will reopen the

petition for consideration.  See Daley v. State of New Jersey,

No. 16-23, 2016 WL 2990631, at *4 (D.N.J. May 24, 2016) (citing

cases).  In the event Petitioner does not submit equitable

tolling arguments in 30 days, the Court will enter a final order

of dismissal.

Petitioner also requests the appointment of counsel.  ECF

No. 7.  Petitioner does not have a right to counsel in habeas

proceedings.  See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir.

1991), superseded on other grounds by statute, 28 U.S.C. § 2254.

However, 18 U.S.C. § 3006A(a)(2)(B) provides that the Court has

discretion to appoint counsel where "the court determines that

the interests of justice so require . . . ."

In Reese, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court.  Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims."  Reese, 946 F.2d at 263-64.

The Court concludes the appointment of counsel is not warranted at this time because it is dismissing the habeas petition as untimely.  Petitioner may reapply for the appointment of counsel if he elects to submit equitable tolling arguments.

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right."  The Court reserves its decision on a certificate of appealability as it is granting Petitioner a limited amount of time to submit equitable tolling arguments.

IV. CONCLUSION

For the foregoing reasons, the Court will provisionally grant the motion to dismiss.  The Court will retain jurisdiction for 30 days in order to give Petitioner time to submit his

equitable tolling arguments.  The motion for counsel, ECF No. 7, will be denied.

An appropriate order will be entered.


Dated: March 25, 2021                    s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.